In the Matter of SOLOMON CHARLES SUGARMAN, an Attorney, Respondent.

First Department, February 5, 1926.

Attorney and client — disciplinary proceedings — attorney disbarred following conviction of forgery, second degree.

An attorney is disbarred under section 477 of the Judiciary Law following a conviction of forgery in the second degree and on proof furnished pursuant to subdivision 3 of section 88 of the Judiciary Law.

DISCIPLINARY proceedings instituted by the New York County Lawyers' Association.

*George R. Adams,* for the petitioner.

*John J. Curtin,* for the respondent.

CLARKE, P. J. The respondent was admitted to practice as an attorney and counselor at law in the courts of this State in June, 1901, and has been engaged in the practice of law in the First Department.

As appears by a certificate under the hand and seal of the clerk of the Court of General Sessions of the Peace, the respondent was, on the 1st day of June, 1925, convicted on verdict of the crime of forgery in the second degree, " of the felony aforesaid, and thereupon was sentenced to the State Prison at hard labor for a term, the minimum of which shall be not less than three years, and the maximum of which shall not be more than six years."

Section 477 of the Judiciary Law provides as follows: "Any person being an attorney and counsellor-at-law, who shall be convicted of a felony, shall, upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such. "

Subdivision 3 of section 88 of the Judiciary Law provides: " Whenever any attorney and counsellor-at-law shall be convicted of a felony, there may be presented to the Appellate Division of the Supreme Court a certified or exemplified copy of the judgment of

such conviction, and thereupon the name of the person so convicted shall, by order of the court, be stricken from the roll of attorneys."

It follows, therefore, that the respondent, having been convicted of a felony as above set forth, should be disbarred.

DOWLING, MERRELL, McAVOY and BURR, JJ., concur.

Respondent disbarred. Settle order on notice.